IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| VIVIAN MORELAND THOMAS; TODD MORELAND; ANDREW J. MORELAND, JR.; ANTHONY MORELAND; LaSHONDA MORELAND; MONICA MORELAND DODSON; CARLA D. MORELAND JONES; PAULETTE MORELAND REED; RONNA MORELAND; ALISHA HILL; LOUISE MORELAND; and TERENCE NOWLIN MORELAND, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHESAPEAKE ENERGY CORP; ERNEST COULTER; GLORIA COULTER; DAVID D. ADAMS; ELOISE C. ADAMS; and DAVID ADAMS, LTD., <br><br> *Defendants*. | Civil Action No. 9:13-CV-201 |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING ALL OTHER MOTIONS AS MOOT, AND DISMISSING CASE**

Plaintiffs filed suit *pro se* seeking royalties from oil, gas, and mineral leases connected to a parcel of real property located in Nacogdoches County, Texas, because they are all allegedly descendants of prior owners of this parcel. Plaintiffs allege that Defendants have procured these lease rights through a series of fraudulent land transactions intended to circumvent Plaintiffs' alleged ownership rights of the real property and/or the royalties associated with the gas, oil, and mineral leases.

The case was originally referred to United States Magistrate Judge Judith K. Guthrie for determination of non-dispositive pretrial matters pursuant to 28 U.S.C. § 636. Upon Judge Guthrie's

retirement in August 2013, the case was reassigned to United States Magistrate Judge Keith. F. Giblin.

Judge Guthrie entered a Report and Recommendation on July 30, 2013, recommending that the case be dismissed for lack of subject matter jurisdiction. Doc. # 15. Specifically, Judge Guthrie found that Plaintiffs' pleadings, which asserted only diversity as a basis for jurisdiction, did not allege complete diversity among the parties because at least one Plaintiff—Carla Moreland Jones—and several Defendants were citizens of Texas. Because complete diversity did not exist, she recommended that the case be dismissed. Judge Guthrie also noted that Plaintiffs had filed two prior federal lawsuits—including one in the undersigned court in 2008—that had been dismissed for precisely the same reasons. *See Thomas v. Chesapeake Energy Corp*, 2007 WL 1656268 at *2 (E.D. Mo. Jun. 6, 2007); *Moreland v. Chesapeake Energy Corp.*, 9:08-cv-9, Doc. # 27 (E.D. Tex. 2008).

Following Judge Guthrie's Report and Recommendation, the Plaintiff cited as non-diverse, Carla Moreland Jones, filed a motion to withdraw as Plaintiff. Doc. # 18. Plaintiffs then filed objections to the Report and Recommendation, Docs. # 23, 24; a motion to file an amended complaint to reflect Ms. Moreland Jones's departure, Doc. # 29; and an motion to reissue summons due to improper service, Doc. # 30. Defendants then filed two motions to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. Docs. # 34, 27. Plaintiffs then filed six new motions, five of which, although confusing, seem to request that the court dismiss all Defendants that have appeared other than Chesapeake (i.e., David Adams, Eloise Adams, and David Adams, Ltd.), Docs. # 42-45, 47. The sixth motion requests a default judgment against two Defendants that have not appeared, Ernest and Gloria Coulter. Doc. # 46. No entry of default has

been requested as to these Defendants, and none of the proper documentation that accompany a motion for default judgment was filed with the motion.[1]

Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b), the court has conducted a *de novo* review of the magistrate judge's Report and Recommendation, Plaintiffs' objections, and the record as a whole, and concludes that the objections are without merit. Because of their limited jurisdiction, federal courts have a continuing obligation to examine their basis for jurisdiction. *MCG, Inc. v. Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990). Jurisdiction may be raised by the court, *sua sponte*, at any time, *id.,* and a court must dismiss the action if it is determined that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

Even assuming the court were to permit Ms. Moreland Jones to withdraw as a party in this case and the dismissal of David Adams, Eloise Adams, and David Adams, Ltd., Plaintiffs still have a jurisdictional problem. As previously discussed in the *Moreland* case, Plaintiffs have failed once again to properly plead the citizenship of Chesapeake.

Even looking at the proposed amended complaint, Plaintiffs fail to establish the principal place of business of Chesapeake. Plaintiffs' proposed amended complaint states only that Chesapeake is a corporation organized under the laws of Oklahoma "doing business" in Texas. Doc.

---

[1] Securing a default judgment is a three-step procedure involving the defendant's default, entry of default, and a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the Defendant does not plead or otherwise respond to the complaint, and an entry of default is the notation the Clerk makes after the default is established by affidavit. *Id.* The entry of default cuts off the Defendant's right to appear in the case with respect to liability issues. *See Greyhound Exhibit group, Inc. V. E.L.U.L. Rlty. Corp.*, 973 F.2d 155, 160 (2nd Cir. 1992). After the entry of default by the Clerk, a party may seek a default judgment from the court. Fed. R. Civ. P. 55(b)(2). Prior to the entry of any default judgment, the Plaintiff must include a sworn statement detailing whether the defendant currently serves in the military. *See* 50 U.S.C. app. § 521(b)(1). Moreover, a default judgment should not be entered against an infant or incompetent person who is not represented in the action by a guardian, or other representative. Fed. R. Civ. P. 55(b)(2). Plaintiffs have performed none of the required steps to secure a default judgment.

# 29-1. Plaintiffs' subsequent motions all state the same thing: that Chesapeake does business in Texas, not that Chesapeake's principal place of business is located in Texas. The court has no idea, based on Plaintiffs' pleadings, where Chesapeake's principal place of business is, meaning that Plaintiffs' pleadings are insufficient to establish diversity. *See Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("to adequately extablish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business."); see also 28 U.S.C. § 1332(c)(1) ("[A]corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

The failure to properly plead citizenship is particularly glaring where, as here, Plaintiffs' Complaint was previously dismissed *twice* for failure to correctly allege diversity jurisdiction. *See Thomas v. Chesapeake Energy Corp*, 2007 WL 1656268 at *2 (E.D. Mo. Jun. 6, 2007); *Moreland v. Chesapeake Energy Corp.*, 9:08-cv-9, Doc. # 27 (E.D. Tex. 2008). Rather than learn from past mistakes, Plaintiffs again fail to conform their pleadings to the express requirements of 28 U.S.C. § 1332(a).

While the court should consider the facts in the light most favorable to Plaintiffs, and takes into account that Plaintiffs are acting *pro se* in this case, Plaintiffs failed to allege Chesapeake's principal place of business despite having been explicitly instructed on proper pleading for corporate defendants by the Missouri district court and this court. The Fifth Circuit requires "strict adherence" to the rule that citizenship be "distinctly and affirmatively alleged," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 n.34 (5th Cir. 2001), and Plaintiffs' failure to do so means that their Complaint does not even make a *prima facie* showing of diversity jurisdiction. Given this, the court will overrule Plaintiffs' objections to the Report and Recommendation and dismiss the case.

IT IS THEREFORE ORDERED that Plaintiffs Vivian Moreland Thomas *et al*'s claims against Chesapeake Energy Corporation *et al* are DISMISSED. All other pending motions are DENIED AS MOOT.

So **ORDERED** and **SIGNED** this **17** day of **September, 2013.**

_____
Ron Clark, United States District Judge